Good morning and welcome to our court. At the outset, Judge Hull and I wanted to welcome again and introduce to you our visiting judge, Judge Susan Weber Wright, who has sat for years in Arkansas, in the Eastern District of Arkansas. She was appointed by President Bush in 1990. She served as the chief judge on that court from 1998 until 2005, and we are delighted to have her with us and help us with our work. Two brief observations, and then we'll begin with the first case, which is the United States v. Darren Lee. You're familiar, most of you are, with our lighting and timing system. There's a clock that keeps time for us. There's a green light, which means, of course, you may proceed, a yellow light, which is a two-minute warning, a red light, which means your time is up. One of my colleagues was fond of saying the red light was not aspirational. We'd be much appreciative, when you see that red light go on, if you could bring your remarks to a conclusion. It doesn't mean you've got to stop dead in the middle of a sentence, but if you could bring them to a head, we'd be much appreciative. Third and last observation, you can safely assume, as you proceed with your argumentation this morning, that we've had a chance to review not just the briefs and the record excerpts, but in many instances, we've had a chance to go to the underlying record as well, so you can go right to the heart of your argument. With that, we'll begin with U.S. v. Darren Lee. Mr. Suma, welcome. Come on up and talk to us. May it please the Court. I'm Richard Suma. I represent the appellant, Darren Lee. Mr. Suma, based upon two prior Florida battery convictions, Battery of a Pregnant Victim and Battery by a Repeat Offender, both are enhancements of a simple battery, and both were based upon pleas of no low contender. This is the very first appeal in which we've specifically preserved the argument that Shepard does not authorize the use of a no low conviction to prove a violent felony under the modified categorical approach. In Shepard, the Supreme Court instructed us that guilty plea proceedings may provide a proper analog to a jury's verdict, but the use of no low plea documents, as in this case, is inconsistent with the reasoning expressed in Shepard to support the modified categorical approach. In guilty plea cases, the modified approach is warranted for three reasons. The pleas involve admissions of guilt where the defendant necessarily admits the specific crime committed, and on the record, to the defendant's admission. Let me just ask you, though, isn't that issue dead and buried given what we said in Gandy? Excuse me? We decided a case recently called Gandy, and in it, we held that Shepard applies to no low contender rate pleas. Yes, that statement in Gandy is not essential to the holding because in Gandy. Or you think it's just dicta? Well, I do because, yes, Your Honor, I do think it is because the reason Gandy's conviction was affirmed was because the court found that Gandy admitted very specifically certain facts in the arrest report that we don't have here. The arresting officer said that Gandy was arrested for bodily harm battery, and the arresting court stated very, the arresting officer stated very specifically that he was relying on the specific subsection of the statute that identifies bodily harm battery. Also, I would note that a no low conviction. The court said in that case, you might be right about the argument, but look to me like it was foreclosed by what we said in Gandy, and I want to read some of the language to you. The court rejected the argument. Gandy had pleaded no low, and he challenged the application of his modified categorical approach to his no low plea. The court rejected the argument, and the court explained, and I quote, that we treat Florida no low convictions no differently than convictions on guilty pleas or verdicts of guilt for purposes of the sentencing guidelines, and it concluded that Gandy's argument that we may not consult the factual basis of the no low plea had no merit. That struck me as holding not dicta. I could be wrong about that, but if indeed is holding, then does it not foreclose your argument? No, your honor, because we in fact concede that the prior convictions are convictions, but the problem we have here is that the modified categorical approach requires more than a conviction. It requires a conviction for a particular kind of offense, and in fact, the issue number one, which we raise in this case, was not specifically raised in Gandy. What Gandy was arguing that considering these arrest reports, the court shouldn't consider them because they were not specific enough. The argument in our initiative... What is there at Shepard that says, let's just hold aside Gandy for the moment. What is there in Shepard itself that says it's limited to guilty pleas as opposed to pleas of no low contendery? Nothing. And I ask you that because we regularly consider pleas of guilty and no lows to be functionally equivalent for a variety of purposes. There's nothing in Shepard that says that, your honor, and we are not... Or anything in Shepard that even implies that. There's nothing in Shepard that implies that no low pleas do support the modified categorical approach because I was always taught that the holdings of cases must be construed narrowly in light of the facts and issues that... I couldn't agree with that more. Yeah. I'm just asking you whether there was anything in Shepard itself that said or implied that a guilty plea and a no low are to be treated in different ways. And your answer is no. No. And my only contention is that Shepard itself was confined to guilty pleas because that's what Shepard talked about. Let's go to the other issue. Gandy also held that courts can look to arrest reports incorporated into a plea agreement when using the modified categorical approach. Doesn't that answer that question which you've raised as well? No, your honor, because the way I interpret Gandy, it looked to the arrest report and... we have in this case the admissions that identified the arrest specifically as bodily harm where we don't have that in the two judgments that are at issue in this case. If I may, let me go back to some... I'm confused about that. I'm quoting from Gandy. It says the incorporated arrest report speaks plainly that Gandy's offense was bodily harm battery. The report begins and then it discusses there seems to be focus on the arrest report for the finding that it was bodily harm battery. Is that not correct? That is correct, your argument. You said there were some other admissions somewhere that were the basis of that finding. It seems to me the basis was the arrest report. Oh, I agree with that, your honor, but my argument is that the evidence in this case, even if the court considers the arrest report, the evidence does not speak plainly as did the arrest report that was at issue in Gandy. Okay, that's a different argument, maybe a more salient one, but it seems to me the first problem you have is that the first two arguments you make struck me as foreclosed by Gandy. Not the third argument that you just alluded to, but the first two, so it might be helpful, at least just speaking for myself, if you address the third one. Okay, yeah, the third one, your honor, is that in Gandy, the court considered the arrest reports which the defendant admitted as a basis for his plea agreement, and those arrest reports stated, the officer wrote specifically that Mr. Gandy was arrested for battery by intentionally causing bodily harm, and those arrest report also said that, identified the specific statute, the very specific subsection that refers to bodily harm battery. And that contrasts with this case, and the battery by the pregnant person, there is no reference to any specific subsection, there's no mention of the term bodily harm. In the other judgment that the district court relied upon, that arrest report referred specifically to battery by touching or striking, and I think in Vereen, the court held that the and the government now concedes that point. So if the court gets to examine the arrest reports, the weight of that evidence that was offered by the government here in this case is inadequate, or at least too ambiguous to determine that the Florida courts, in fact, imposed the conviction for battery by intentionally causing bodily harm. Are we looking at the actual arrest reports, or what the PSI summarized them? I'm looking at the exact arrest reports, and they are in the government's exhibit one, and the government's exhibit three. But to prevail, you need to win both, you need for us to take care of both of those convictions, isn't that correct? Actually, no, because there was one conviction for a controlled substance offense, if we knock out one. If the government loses on any one of the two, you win. I believe so, Your Honor. There is one that was not addressed by the district court. Right, that's not what we're talking about. But of the two we're talking about, the aggravated stuff, they've got to win on both. Otherwise, this sentence is no good. That's your point. That's correct, Your Honor. Let me ask you a question. I looked at one of these arrest reports, and I read the account. Johnson said that she and her boyfriend had been arguing in the hotel room when Lee pushed her off the bed onto the floor. Lee then struck and pushed Johnson several more times in the room. The altercation then moved into the parking lot where Lee continued to strike and cuss her, according to the witness. Johnson advised, blah, blah, blah. Johnson was then taken to Baptist Care Hospital, and so on. It strikes me as a pretty violent encounter. When I read the underlying facts, and if I showed the underlying facts in the arrest report to any ten sentient human beings drawn from any city in the Republic, they would say, are you actually out of your mind? That's not a violent crime. I'm just at a loss. If I can look at this, and I could look at these accounts, and Gandhi tells me I can, then what am I left with? I'm left with the intellectual pursuit of the proposition that because the title in the arrest report doesn't make clear whether it was a touching or bodily harm, and it theoretically could be both. Notwithstanding the fact that I know with certainty from the report that he hit her over the head. He pummeled a pregnant woman. He tossed her off the bed. That's not a crime of violence and therefore may not be considered for the purposes of the Armed Career Criminal Act. When the whole point behind the Armed Career Criminal Act was to say violent recidivists should be treated more harshly than not, that these were considerations that a court was required to take into account because the legislature said so. What am I missing here with respect to the accounts that appear in these arrest reports? Yes, I'll be very quick. No, no, you take your time. The issue has perplexed me for a long time. I know what I'm obliged to do, but I have this right here in black and white. How do I ignore these accounts? The answer is fairly simple, actually, because those accounts of hitting, beating, striking, punching, etc. Ripping her mouth and so on and so forth. Under Florida law, those accounts also, those facts, even those violent facts, also support a conviction under Florida for touching or striking. And in fact, they support both. And therefore, you have an ambiguity. I have no ambiguity about what happened. You have no ambiguity that they're violent, correct. But you do have an ambiguity as to which type of elemental crime Mr. Lee was convicted of. So your argument would be unless it cites the subsection of the statute, no Florida battery could count. Unless it does like what we had in Gandy. It cites the bodily harm section of the statute. Is that where you are? Well, I don't necessarily require a cite to the statute, but my argument. All right. So you don't require a cite to the statute? I wouldn't. But what I would require is the judge's finding that the defendant committed the crime by bodily harm as opposed to touching and striking. And if you don't have that, you have an ambiguity as to which part of this divisible statute. Why doesn't it read what Judge Marcus just read to you, show bodily harm? Because those same facts support a conviction under Florida law for touching or striking. So as I understand the argument, it boils down to this. It is irrefutable that the crime was a violent one, if you accept the report. Factually correct. By any normal standard, by any normal sentient human being, this is violent conduct. I agree. The reports tell us in detail what he allegedly did. Correct. He pled guilty. He pled no contender. Well, I understand, but we've already gone beyond that issue for our purposes. Okay. And we're now on the third prong of this. He pleads no contest, but does not dispute the underlying allegations as laid out in the arrest report, and indeed accepts them expressly in the arrest report. And it accepts the accuracy of the statements. And because the underlying violent acts could support, theoretically, the charge under a touching, and alternatively could support the charge under a violent crime designed to inflict bodily harm, and because at the time that the sentence was imposed, the state court really had no reason to sort out the difference for purposes of the sentence. We don't know with certitude which it is, and therefore he should not be treated as an armed career criminal. That's correct. That's the argument. Yes, and the law is often theoretical, and particularly so under ACCA. To make any sense to you? I only follow the law. Do you think that's an unfair question? No, it's not an unfair question, but Your Honor, I'm only trying to follow the law. I understand, and I genuinely do appreciate it. So your argument is, if you look at the stuff here, it's unclear, and it's got to be clear because the Supreme Court says we have to be able to tell with certainty. Those are their words, and we can't really tell with certainty here. You understand me very well, Your Honor. I do indeed. Yeah. Thank you. Thank you very much. Good morning. Good morning. May it please the Court. Jordan Learn on behalf of the United States. I wholeheartedly agree with the Court that as to the first two issues presented in Mr. Lee's brief, the government agrees that those are foreclosed by Gandy. So I'm going to jump into the heart of the third issue, which this Court had just been discussing. And the first thing I would like to note is Mr. Lee's argument is premised on the assumption that the state sentencing court has to make an explicit finding, or there has to be something in the record that says the state court made a finding for bodily harm battery. But that is directly contradictory to the holding of D.S. Calderon, which explicitly states in the opinion that a finding by the state sentencing court is not required. What matters is whether the district court . . . Can we discern the crime of conviction from the Shepard documents? Absolutely, Your Honor. The Shepard documents in this case, the arrest report, which the district court and this court is properly allowed . . . Well, I'm looking at one of them, and I'm looking at one of the documents, and it says on the charges, it says battery touch or strike. That's correct, Your Honor. That would be the felony battery that's in the precedence report, paragraph 42. This is a document . . . the Shepard documents are doc . . . So I can't tell from that document, can I? No, you can't, because . . . Even though they characterize the charging offense as being a touching or a striking, and even though a touching would not qualify . . . Absolutely, Your Honor. I could tell with certainty that he went down on a striking rather than a touching. Well, the government's position would be that we would have to show intentional bodily harm, because the touching or striking constitutes one indivisible element. We have a case that says touching or striking is divisible. That's correct. That would be Braun, Your Honor, and . . . Yes, Braun. The government is not inclined to rely on Braun. Our position is really post-Mathis. Braun's understanding, and in fact, that is the holding of Braun, that has been undermined by the analysis. Do you think it's divisible or not divisible? We think the statute's divisible, but the touch or strike subdivision itself is indivisible. Well, trouble is that our case law says it is divisible, and I don't think I see anything that has abrogated that. I mean, it may have been undermined in some ways by some subsequent case law, but you've got to show it's overruled or abrogated, basically, to the point of being overruled before I would be free to discard it. Don't you agree with that? I mean, I do agree with that, Your Honor. The government's understanding is the analysis in Mathis about what really constitute elements as opposed to means. If you take that analysis and you intellectually apply it . . . Let's just assume for the purpose of our question, your colleague is right. The statute is divisible. It's divisible between the touching on the one hand and the rest of it on the other. Let's just start with that assumption because I think for whatever it's worth, I think that's the law that I'm bound by here. What then? The assumption that the statute's divisible two ways, between touching or striking and intentional bodily harm battery. Yeah. He says it doesn't matter to him whether it's divisible or not divisible between touching or striking. He says so is touching or striking or bodily harm. He's saying if you look at the Shepard documents, you can't show that it's not touching. Okay. Because these crimes could be enough to find you guilty of touching. I understand, Your Honor. I think that's his argument. That's his argument. Okay. That's his argument that it could . . . it's a lesser included offense. I mean, the fact of the matter is almost every more aggravated offense would necessarily prove all the lesser included. So he's saying you can't tell whether it was the lesser included of touching. You can't tell if it's striking because the conduct here constituted a violation of all three ways or two ways, if you say, touching or striking. That's his argument. Well, I'll turn back to . . . So how do we tell us, Judge Marcus's question, how do we tell here what the conviction was for? Right. So you would look at what elements are supported by the factual basis. Mr. Lee, in this case, has agreed, and page 32 is brief, that the arrest reports in both cases allege facts that satisfy the elements of bodily harm battery, which is the government's position is how these qualify. Now, to say that we would have to prove bodily harm battery to the exclusion of touch or strike battery . . . No, that's not what the question that Judge Holt was asking you. She started out with the premise that this touching and striking on the one hand, that's one character of crime in Florida. It's bodily harm, which is another, and the statute is divisible as between touching and striking on the one hand, bodily harm on the other. If it was a touching or striking that was the crime for which he was convicted, you lose. You agree with that? Yes. If it was bodily harm, you win. He agrees with that. We're allowed to look at the Shepard documents to see if the sentencing court can discern whether it fell onto this category or that category. The argument is once you look at those documents, you can't answer the question. You can answer the question, as I said, that the underlying facts are as violent as can be, but that doesn't answer whether, since they would support the touching or striking, just as well as the bodily harm, whether it fell onto one or the other. The Supreme Court has told us with clarity that we've got to be certain that we know what the conviction was for. You agree with all of that? I do agree with all of that. How do you get around the fact that, take one of these charging documents for Lee's aggravated battery, it alleges, and I quote, that Lee did unlawfully commit a battery by actually and intentionally touching or striking said person against her will, or it's put in the disjunctive, by intentionally causing bodily harm to the victim who was pregnant and who Lee knew or should have known was pregnant. Can't tell from that, can you? Not. Okay. Then the arrest report specified that the offense was aggravated battery, quote, DV, under the same statutory subsection. Then the probable cause allegations are violent in the extreme, and there's no further information that was provided. I looked at the felony battery shepherd documents, and one of them say, when I'm looking at charges, it says 784-03-1A1, battery touch or strike. If it was a touch or strike, you lose. Here it is right in the allegation. Then you look at the underlying facts which are laid out, and they are violent in the extreme and plainly would support bodily harm. But is not the law clear that I have to be able to tell with certainty that the underlying crime, the elements here, were elements of bodily harm, not touching and striking, and if the answer is yes, are these documents clear enough for me to be able to say that? I would agree that the answer to that question is yes, and our response would be that these documents are sufficient enough. They have to be clear, right? They're clear that the elements that Mr. Lee agreed to a factual basis which has to establish the elements of what he's pleading to, and that the facts that he agreed to establish as he has agreed the elements of bodily harm battery. And I would say, and this is where I would point the Court to the recent opinion in Vereen, which was a similar factual basis. I wrote it. I know what it says. Yes. Yes, Your Honor. But the factual basis was that there was a touch or strike, and then the prosecutor proffered that there had been injuries observed to the victim that were consistent with the batteries. And this Court held, Judge Marcus, as you've said, wrote the opinion, that we would Let me come at it differently. Suppose this is the fact pattern, and we're still looking at the question of under Florida law, this question of aggravated. Jones gets into an argument with Smith. They're two friends. They're sitting in a bar, and Jones takes a bottle of liquor and smashes him over the head. No question it is replete with violence. And he's charged under this statutory framework. And the allegations are laid out in detail. They would support either touching or striking. He struck him. They would support bodily harm, as Judge Hull put it. One is essentially a lesser included of the other, and they would support both. But if the charging documents don't tell me which it is, or let's suppose the charging documents don't show for touching or striking, I know it would support bodily harm. What result? Could I say with certainty, then? I think in that case, the government would agree that, right, because you're pleading to what you're charged with. And in that case, if he's only charged with touching or striking battery, then, and he's a, you know, he's stipulated facts that establish the elements of touch or strike battery. I think in that case, the government would agree that we are not certain. And that was kind of what the dissent that Judge Rosenbaum was getting to in Gandy, is sometimes, if the charge, the charges. Okay, so if the label pasted on it says touching or striking, you lose. The label pasted on the charging document, Your Honor? Yeah. I think I would agree. Well, how about the warrant for the arrest? Here we have one, and I read it to you. It says battery, touch or strike. That's correct, Your Honor. It doesn't say battery, touch or strike, or in the disjunctive, bodily harm. Just says touch or strike. Yet there's no question that these offenses would support bodily harm. Right. And that's, in fact, how the state charged it, as both, as either or. And so even though it just said battery, touch or strike, they charged them with more. Right. Well, the prosecutor, I mean, sort of superseded whatever he was originally arrested for. And the charging document is what they pled to. And the underlying facts... So I just, let me just see if I have the law as you believe we ought to say it. If the underlying Shepard documents support either touching or striking or bodily harm, and they really are violent in nature, and the charging instrument says both, touching or striking and bodily harm, or bodily harm, that is enough to say with certitude that it's bodily harm. Yes. Where the defendant has entered a plea and agreed to facts... Right. No dispute about the facts. Right. That established bodily harm. That was incorporated as part of the judgment that the court rendered, the state court rendered, then yes, that he has been convicted of bodily harm battery, notwithstanding the fact that he may have also been convicted of touch or strike battery. And I'll point the court back to the direction of D.F. Calderon. We don't need an explicit finding of fact from the state sentencing court. And often with divisible statutes, there will not be an explicit finding of fact. All that we have are the Shepard documents that allow us to discern the elements. And in this case, I'll point back to Vereen. But also, this court has been confronted with factual patterns before that when the court viewed the battery, well, as the court still does view the battery as divisible between touching or striking. And there have been factual patterns. D.F. Calderon is one where the facts would seem to fit touch, but they also would fit striking. And this court has held without hesitation or affirmed the district court's finding that it was in fact striking, and which made it a violent felony predicate. The facts of D.F. Calderon were that the victim was hit, but also that his phone was knocked out of his hand, which arguably would constitute, could constitute a touch under Florida law. And yet this court affirmed D.F. Calderon's sentence, finding that yes, he had pled to elements that by pleading no contest, he admitted elements that satisfied the element of striking. If the charge is 1A, the offensive battery occurs when a person actually and intentionally touches or strikes, or two, intentionally causes bodily harm to another person. If the charging document just says 1A1, you lose. If it says 1A1 or 1A2, and the facts support it, you win. Is that basically what it comes down to? That would be the government's position, that if the facts that are, that are alleged in the arrest report support both charges that are charged in the charging document, would be without any doubt at all, as the defendant in this case does not argue that the arrest report does not satisfy the, that he was charged with bodily harm battery as well, and that the facts... No, he says, he admits they support both charges. He just said, but therefore that creates an ambiguity as to which charge he pled to. And the government's position would be where the facts are not in dispute, where they clearly satisfy the elements of both, that there is no ambiguity. A defendant can, if he so chooses, choose to plead to both alternatives. That would be dictated by what's in the factual basis. And in this case, it's both. I see that my time has elapsed. No, you were answering our question. So did you have anything else that you... I didn't want to cut you off. You were really on our time here. No, I would simply just ask that this court affirm Mr. Lee's armed court criminal sentence. Thank you. Thank you very much. Judge Marcus, you've been very generous in according me extra time. So I'm going to be very quick, and I just want to clarify a couple of things. The government relied on the Diaz-Calderon case, correctly, for the statement that the federal district court in sentencing can make a finding for the first time that a defendant was convicted of a violent felony offense. And I think it's time for the court to recognize that that statement should be regarded as abrogated by Mathis. I think the court... I think the law is clear that the federal court can do no more than determine from the record which offense the defendant was convicted of. The other point I wanted to make, just for purposes... Why is he not convicted of both? Well, I... The court says he's not convicted of both. The conduct, he's convicted of it all. As a matter of law, I don't think you can be convicted of two offenses in one proceeding. What is one offense with alternative ways of committing the offense? Okay. We've got two different offenses, right? Charged in that statute. Yes, Judge. Okay. Why do we not say he was convicted of both offenses? He didn't limit his plea. He pled to both. Both ways of committing the... He pled to both ways of committing the battery on a pregnant woman offense. That's interesting. I don't know if any case law has ever addressed that point. I actually think Gandy is enough for us to do. So this is a very nuanced... But I understand it, and I don't think it's frivolous, but it is quite nuanced. No, as in... Way to read the Shepard documents. As a nuanced argument, the first thing that comes to my mind, how can you be convicted of two offenses in one proceeding? Well, of course, what seems to me, if there be a difference with Gandy, Judge Pryor noted in Gandy that the report never mentioned touching or striking at all. Oh, yeah, that's... And it unambiguously identified Gandy's offense as a bodily harm type battery. Yes. That's the difference. Yes. If there be one. My last point... Right? Yes, Your Honor. My last point is that I just want to clarify that I do not view the touching or striking as divisible. I think the statute is divisible two ways. One, touching or striking, and two, intentionally bodily harm. What do we do with Vereen? I'm sorry? What do we do with the case of United States v. Vereen decided just this year? In Vereen, a panel of the court held that the defendant's felony battery conviction qualified as an ACCA predicate on the basis of Shepard documents stating that Vereen had falsely imprisoned a woman he was in a domestic relationship with for nine to ten hours, during which time he repeatedly hit and struck her. We looked to that, and we said that was enough to state the elements. Yes, but I think the distinction is that in Vereen is that the defendant, in a plea colloquy, which was regarded as appropriate Shepard document, failed to object and probably, in fact, conceded that those facts established a violent felony predicate, and we don't have a concession in this case. I think the argument in this case is that... What don't we have a concession about in this case? I'm sorry, I'm missing that. Going now back to the difference between a no-law plea and a guilty plea. Well, that's one thing. I'm trying to avoid that right now. Right, but I want you to assume for the purposes of our question that we think that's gone because Gandy rejected it. Yes. Speaking for myself, I'm just telling candidly, I think Gandy disposed of that question. Okay, and the point I'm trying to make that is in Vereen, the defendant in the plea colloquy conceded that those facts established a violent felony, and we don't have any concession in this case because we say the facts established an ambiguity. We say there's an ambiguity. Vereen, by his own conduct, eliminated that ambiguity. That's how I would distinguish the case. I thank you very much for the time that you've given me today. Thank you very much. Thank you both for your efforts. We'll move on to the second case.